Clerk's Certification of a Judgment to be Registered in Another District

# Shaykamaxum Grand/Supreme Court of
# Atlan/Amexem Al Moroc NW

### for the

| | |
|---|---|
| Jaden Investment Trust, Accommodation Party for JONATHAN EMELO and JESSICA EMELO, | ) )  **2:13-ms-00080** |
| | ) |
| *Plaintiff* | ) |
| *v.* | ) Civil Action No. **04-2103-56321-CV-J10** |
| | ) |
| BANK OF AMERICA, N.A., | ) |
| ℅ BRUCE R. THOMPSON, CFO | ) |
| | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on
_July 29, 2013___.
Date

I also certify that, as appears from this court's records, no motion listed in Fed.R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date: _100213_

CLERK OF COURT

Signature of Clerk or Deputy Clerk

# Shaykamaxum Grand/Supreme Court
# Form of Certification

*Northwest Amexem*

    I :Tiger D.: Raven-Melchiz: El, Chief Administrator/Clerk of the Courts, certify that the attached three (3) separate copies of <u>Clerk's Certification of a Judgment to be Registered in Another District</u> dated <u>October 2, 2013</u>, is a true, correct and complete copy of the original document.

    In witness whereof, I hereunto set my hand and official seal.

_____
Chief Administrator/Clerk of the Courts

# Shaykamaxum Grand/Supreme Court
## Form of Certification

_Northwest Amexem_

   I :Tiger D.: Raven-Melchiz: El, Chief Administrator/Clerk of the Courts, certify that the attached copy of <u>Adjudicator Docket Sheet</u> dated <u>October 2, 2013,</u> is a true, correct and complete copy of the original document.

   In witness whereof, I hereunto set my hand and official seal.



Chief Administrator/Clerk of the Courts

## ADJUDICATOR DOCKET SHEET

DATE CASE OPENED:  June 11, 2013                    **CASE NUMBER:** 04-2013-56321-CV-J10

*PLAINTIFF/CLAIMANT:*
JADEN INVESTMENT TRUST
Accommodation Party for
JONATHAN EMELO and JESSICA EMELO
5455 S. Fort Apache Rd., #108-52
Las Vegas, Nevada [89148]

*DEFENDANT(s)/RESPONDENT(s):*
BANK OF AMERICA, N.A.
% Bruce R. Thompson, CFO
100 N. Tyron Street
Charlotte, NC 28255

| | | |
|---|---|---|
| 1. | SUMMONS | Date filed: 06/11/2013 |
| 2. | Claimant's Notice of Settlement Offer dated June 11, 2013 | Date filed: 06/13/2013 |
| 3. | (Copy) Cashier's Check/Private Registered Setoff Bond No. 20130611-JII-001, Issued on June 11, 2013 In the Amount of: $1,200,000.00 | Date filed: 06/13/2013 |
| 4. | Claimant's Request Regarding Statement of Account dated June 11, 2013 | Date filed: 06/13/2013 |
| 5. | Authorization to Release Information re Acct. # **093530540** dated March 25, 2013 | Date filed: 06/13/2013 |
| 6. | Service received by Respondent(s) on June 24, 2013 re Notice of Settlement Offer (copy of signature receipt USPS) | |
| 7. | Claimant's Affidavit of Service dated July 9, 2013 of default documents to Respondent(s) | Date filed: 07/09/2013 |
| 8. | Claimant's Request for Entry of Default | Date filed: 07/09/2013 |
| 9. | Claimant's Affidavit in Support of Request for Entry of Default | Date filed: 07/09/2013 |
| 10. | Claimant's Entry of Default | Date filed: 07/09/2013 |
| 11. | Claimant's Petition for Default Judgment and Issuance of a Certificate of Settlement Agreement | Date filed: 07/09/2013 |
| 12. | Claimant's Affidavit of Fact | Date filed: 07/09/2013 |
| 13. | Claimant's CERTIFICATE OF SETTLEMENT AGREEMENT | Date filed: 07/09/2013 |
| 14. | COURT issued Default Judgment | Date filed/entered: 10/01/2013 |

ADJUDICATOR DOCKET SHEET

15. COURT ORDER                                          Dated filed: _____

_____                    _100213_____
Clerk                                                     Date

2

# Shaykamaxum Grand/Supreme Court
# Form of Certification

*Northwest Amexem*

    I :Tiger D.: Raven-Melchiz: El, Chief Administrator/Clerk of the Courts, certify that the attached copy of <u>Default Judgment</u> dated <u>October 1, 2013,</u> is a true, correct and complete copy of the original document.

In witness whereof, I hereunto set my hand and official seal.



Chief Administrator/Clerk of the Courts

The Shaykamaxum Grand/Supreme Court of Atlan Amexem Al Moroc N.W.
A Judicial Tribunal Court of Record
A Court of Origin, Aula Regis
An International Common Law Court
(Convention de La Haye du 5 octobre 1961)
Mailing Address: Clerk of Court, PMB 48324
Philadelphia Pennsylvania 19144
1-888-954-8368, Ext. 825

Jaden Investment Trust, Accommodation Party for )
JONATHAN EMELO and JESSICA EMELO,          )          Case No.: 04-2013-56321-CV-J10
                                                                          )
                                                                          )          DEFAULT JUDGMENT
                              Claimant,                    )
v.                                                                      )
                                                                          )
BANK OF AMERICA, N.A.,                               )
℅ BRUCE R. THOMPSON, CFO                        )
                                                                          )
                              Respondent(s).             )

The Claim in this action having been duly served on the above-named Respondents on 13th day

of June 2013 and said Respondents having failed to answer in this action, and said default having

been duly noted, and upon the annexed affidavit of fact.

NOW, on petition of the Claimant, it is hereby ORDERED and ADJUDGED that:

   1. The Respondents forthwith shall rescind and/or the revoke any and all liens, levies,

      deficiencies, garnishments, and distraint warrants on all property, registered and

      unregistered, held in the name of JONATHAN EMELO and JESSICA EMELO, 10462

      Lyric Arbor Drive, Las Vegas, Nevada [89135]; APN 164-25-813-008, (the

      "COLLATERAL") and/or JONATHAN EMELO and JESSICA EMELO, (the

      "DEBTORS") by executing, or causing to be executed, any and all instruments necessary

                                                          1

for the discharging of such and give notice by providing certified copies of the discharges by mailing said certified copies to the Claimant through this court;

2.  The Respondents forthwith shall vacate/discharge any and all judgments, orders, and decrees issued against the DEBTORS and/or the COLLATERAL for the settlement of BANK OF AMERICA, N.A., Account Number 193530540 (collectively, the "ACCOUNTS") by executing, or causing to be executed, any and all instruments necessary for the discharging of such and give notice by providing certified copies of the discharges by mailing said certified copies to the Claimant through this court;

3.  The Respondents forthwith shall dismiss/discharge any and all actions initiated by/for the Respondents against the DEBTORS and/or the COLLATERAL for the settlement of the ACCOUNTS by executing, or causing to be executed, any and all instruments necessary for the discharging of such and give notice by providing certified copies of the discharges by mailing said certified copies to the Claimant through this court;

4.  The Respondents forthwith shall discharge any and all debts, obligations, and liabilities of the DEBTORS and/or the COLLATERAL (the "LIABILITIES"), by executing, or causing to be executed, all Notice(s) of Rescission, Notice(s) of Revocation, Notice(s) of Discharge, Notice(s) of Satisfaction, Order(s) for Dismissal, Order(s) for Vacation, Release(s) of Lien(s)/ Levy(ies)/ Garnishment(s)/ Obligation(s)/ Liability(ies) and give notice by providing certified copies of the discharges by mailing said certified copies to the Claimant through this court;

5.  The Claimant holds the paramount security interest in the COLLATERAL;

6.  The Claimant holds the exclusive right to possess the COLLATERAL;

7.  The Claimant holds a lien on the DEBTORS and the ACCOUNTS;

DEFAULT JUDGMENT

8.  The Respondents forthwith shall return and/or duly compensate the DEBTORS for any and all property of the DEBTORS seized, arrested, disposed or attached by lien, levy, garnishment, or sale for the settlement of the ACCOUNTS;

    a.  The value of the Claimant's claim in the COLLATERAL and the Claimant's lien on the DEBTORS and the ACCOUNTS is equal to One Million Two Hundred and 00/100 ($1,200,000.00) U.S. Dollars;

9.  The administrative determinations, certifications, judgments, decrees, orders, and verdicts issued by this court are binding upon the Claimant, the DEBTORS, and the Respondents;

10. The administrative determinations, certifications, judgments, decrees, orders, and verdicts issued by this court supersede any and all previous contracts and agreements between the Claimant, the DEBTORS, and the Respondents;

11. The Respondents' failed to state a claim upon which relief may be granted;

12. Any and all attempts by the Respondents to prejudice, hinder, obstruct, or impede the Claimant's claims are a violation of the law;

13. The Respondents' hereby convey and grant a specific power of attorney to the Claimant, or any agents thereof, for the execution of any instruments, communications, or correspondences, deemed necessary by the Claimant, for the preservation of the Claimant's paramount security interest in the COLLATERAL;

14. The Respondents' hereby convey and grant a specific power of attorney to the Claimant for the execution of any instruments, communications, or correspondences, deemed necessary by the Claimant, for the preservation of the Claimant's exclusive right to the possession and the disposition of the COLLATERAL;

15. The Respondents' admit and confess to committing the following tortious acts and crimes: Theft of Funds, Slander and Libel of the DEBTORS, Dishonor in Commerce, Fraud, Collusion, Racketeering, and Conspiracy;

16. The Respondents' admit and confess to being liable to the Claimant for One Million Two Hundred and 00/100 ($1,200,000.00) U.S. Dollars (the "Respondents' LIABILITY");

17. The Claimant shall secure the Respondents' LIABILITY with any and all property, real and/or personal, registered and/or unregistered, held in the name of the Respondents;

18. The Respondents' are liable for any and all damages incurred by the DEBTORS or the Claimant pursuant to any actions of the Respondents which violates the terms and conditions of this judgment;

19. The Respondents' hereby grant in personam jurisdiction, in rem jurisdiction, and subject-matter jurisdiction to this court; and

20. The Respondents' waive all limited liability protections and immunities afforded to the Respondents by all franchises, including, but not limited to, the STATE OF CALIFORNIA, the DISTRICT OF COLUMBIA, and the UNITED STATES.

Dated: _10/1/2013_____          By: _Lyiy Ali Bey_____
                                               Honorable

DEFAULT JUDGMENT

# Shaykamaxum Grand/Supreme Court
# Form of Certification

*Northwest Amexem*

    I :Tiger D.: Raven-Melchiz: El, Chief Administrator/Clerk of the Courts, certify that the attached copy of <u>Abstract of Judgment</u> dated <u>October 1, 2013,</u> is a true, correct and complete copy of the original document.

    In witness whereof, I hereunto set my hand and official seal.



Chief Administrator/Clerk of the Courts





1

2

3

**The Shaykamaxum Grand/Supreme Court of Atlan Amexem Al Moroc N.W.**
**A Judicial Tribunal Court of Record**
**A Court of Origin, Aula Regis**
**An International Common Law Court**
**(Convention de La Haye du 5 octobre 1961)**
**Mailing Address: Clerk of Court, PMB 48324**
**Philadelphia Pennsylvania 19144**
**1-888-954-8368, Ext. 825**

4

5

6

7

8

9

10

11

12

13

14

15

Jaden Investment Trust, Accommodation Party for  )
JONATHAN EMELO and JESSICA EMELO,            )     Case No.: 04-2013-56321-CV-J10
                                             )
                                             )     ABSTRACT OF JUDGMENT
                    Claimant,                )
v.                                           )
                                             )
BANK OF AMERICA, N.A.,                       )
% BRUCE R. THOMPSON, CFO,                    )
                                             )
                    Respondent(s).           )

16

17  1. The Judgment Creditor applies for an abstract of judgment and represents the following:

18          A.      **Judgment Debtor(s)** name and last known address:

19                  1. BANK OF AMERICA, N.A., c/o BRUCE R. THOMPSON, CFO, 100 N.
20  Tyron Street, Charlotte, NC 28255

21          B.      Corporate ID/EIN: _____ (unknown)

22          C.      Summons, Notice of entry of sister-state and/or Foreign International Judgment

23  was personally served or mailed to name:  (name and address)

24                  1. BANK OF AMERICA, N.A., c/o BRUCE R. THOMPSON, CFO, 100 N.
25  Tyron Street, Charlotte, NC 28255

26  2.      **Judgment Creditor** (name and address):

27          Jaden Investment Trust

28          % 5455 S. Fort Apache Rd., #108-52

1

ABSTRACT OF JUDGMENT

Las Vegas, Nevada Republic

**It is hereby ORDERED and ADJUDGED that:**

1. This Certificate of Settlement Agreement, along with the record of the CLAIM, shall comprise a record of the RESPONDENTS' acceptance of the terms and conditions of the CLAIM, and as such shall constitute the final expression in a record of the private settlement agreement by and between the PARTIES (the "FINAL AGREEMENT");

2. The rescinding and/or the revoking of any and all liens, levies, deficiencies, garnishments, and distraint warrants (collectively, the "ENCUMBRANCES") on all property, registered and unregistered, held in the name of JONATHAN EMELO and JESSICA EMELO, 10462 Lyric Arbor Drive, Las Vegas, Nevada [89135]; APN 164-25-813-008 (the "COLLATERAL") and/or the DEBTOR;

3. The vacating/discharging of any and all judgments, orders, and decrees issued against the DEBTOR and/or the COLLATERAL for the settlement of the ACCOUNTS (collectively, the "ORDERS");

4. The dismissing/discharging of any and all actions initiated by/for the RESPONDENTS against the DEBTOR and/or the COLLATERAL for the settlement of the ACCOUNTS (collectively, the "ACTIONS");

5. The discharging of any and all debts, obligations, and liabilities of the DEBTOR and/or the COLLATERAL (the "LIABILITIES"), by executing, or causing to be executed, all Notice(s) of Rescission, Notice(s) of Revocation, Notice(s) of Discharge, Notice(s) of Satisfaction, Order(s) for Dismissal, Order(s) for Vacation, Release(s) of Lien(s)/Levy(ies)/Garnishment(s)/Obligation(s)/Liability(ies), and/or any and all instruments necessary for the discharging of the ENCUMBRANCES, the ORDERS, the ACTIONS, and the LIABILITIES and the settlement and closure of the ACCOUNTS;

6. The FINAL AGREEMENT shall charge the RESPONDENTS with giving notice of the discharge of the ENCUMBRANCES, the ORDERS, the ACTIONS, and the LIABILITIES, to the CLAIMANT, by providing certified copies of the discharges by

2

ABSTRACT OF JUDGMENT

mailing said certified copies to the CLAIMANT through this court;

7.    The CLAIMANT's paramount security interest in the COLLATERAL;

8.    The CLAIMANT's exclusive right to possess the COLLATERAL;

9.    The CLAIMANT's lien on the DEBTORS and the ACCOUNTS;

10.   The RESPONDENTS' obligation to return and/or duly compensate the DEBTOR for any and all property of the DEBTOR seized, arrested, disposed or attached by lien, levy, garnishment, or sale for the settlement of the ACCOUNTS;

11.   The value of the CLAIMANT's claim in the COLLATERAL and the CLAIMANT's lien on the DEBTOR and the ACCOUNTS is equal to One Million Two Hundred and 00/100 ($1,200,000.00) U.S. Dollars;

12.   The administrative determinations, certifications, judgments, decrees, orders, and verdicts issued by this court shall be binding upon the PARTIES;

13.   The administrative determinations, certifications, judgments, decrees, orders, and verdicts issued by this court shall supersede any and all previous contracts and agreements between the PARTIES;

14.   The RESPONDENTS' inability and failure to state a claim upon which relief may be granted;

15.   Any and all attempts by the RESPONDENTS to prejudice, hinder, obstruct, or impede the CLAIMANT's claims are a violation of the law;

16.   The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT, or any agents thereof, for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's paramount security interest in the COLLATERAL;

17.   The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's exclusive right to the possession and the disposition of the COLLATERAL;

18.   The RESPONDENTS' admission and confession to committing the following tortious

3

ABSTRACT OF JUDGMENT

acts and crimes: Theft of Funds, Slander and Libel of the DEBTOR, Dishonor in Commerce, Fraud, Collusion, Racketeering, and Conspiracy;

19.   The RESPONDENTS' admission and confession of a liability to the CLAIMANT with a value equivalent to One Million Two Hundred and 00/100 ($1,200,000.00) U.S. Dollars (the "RESPONDENTS' LIABILITY");

20.   The RESPONDENTS' acceptance of having any and all property, real and/or personal, registered and/or unregistered, secured as collateral for the RESPONDENTS' LIABILITY;

21.   The RESPONDENTS' are liable for any and all damages incurred by the DEBTOR or the CLAIMANT pursuant to any actions in breach of the terms of the FINAL AGREEMENT;

22.   The RESPONDENTS' granting of *in personam* jurisdiction, *in rem* jurisdiction, and subject-matter jurisdiction to this court; and

23.   The RESPONDENTS' waives all limited liability protections and immunities afforded to the RESPONDENTS by all franchises, including, but not limited to, the STATE OF NEVADA, the DISTRICT OF COLUMBIA, and the UNITED STATES.

Dated: 10/1/2013

By: _Zaya Ali Bey_
Honorable

ABSTRACT OF JUDGMENT

4

# Shaykamaxum Grand/Supreme Court
# Form of Certification

*Northwest Amexem*

   I :Tiger D.: Raven-Melchiz: El, Chief Administrator/Clerk of the Courts, certify that the attached copy of <u>Certificate of Settlement Agreement</u> dated <u>October 2, 2013,</u> is a true, correct and complete copy of the original document.

In witness whereof, I hereunto set my hand and official seal.

_____
Chief Administrator/Clerk of the Courts




The Shaykamaxum Grand/Supreme Court of Atlan Amexem Al Moroc N.W.
A Judicial Tribunal Court of Record
A Court of Origin, Aula Regis
An International Common Law Court                          FOR COURT USE ONLY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Claimant:**     Jaden Investment Trust
                  Accommodation Party for
                  JONATHAN EMELO and JESSICA EMELO
                  ℅ 5455 S. Fort Apache Rd. #108-52
                  Las Vegas, Nevada Republic [89148]

**Respondent(s):**  BANK OF AMERICA, N.A.
                  ℅ BRUCE R. THOMPSON, CFO
                  100 N. Tyron Street
                  Charlotte, NC 28255

---

# CERTIFICATE OF SETTLEMENT AGREEMENT

CASE NUMBER
**04-2013-56321-CV-J10**

| | |
|---|---|
| Washitaw\Far East Terra Northwest Amexem Yamassee ) | ) |
| | ) ss: |
| | ) |
| SOVEREIGN NATAL INCARNATION RECORDING SERVICES ) | |

It is hereby certified, that on the Thirteenth of June, in the year Two Thousand Thirteen, Jaden Investment Trust ℅ Paul Jolivette, Trustee (the "CLAIMANT"), as the accommodating party for JONATHAN EMELO and JESSICA EMELO, (the "DEBTORS"), filed with this court the following: 1) a Notice of Settlement Offer; 2) a Private Registered Setoff Bond Number 20130611-JII-001 (a certified copy by the issuer); 3) a Request Regarding a Statement of Account; and 4) an Affidavit of Service (collectively, the "CLAIM"), for the setoff, settlement, and closure of BANK OF AMERICA, N.A., Account Number 193530540 (collectively, the "ACCOUNTS") and for the purposes of: (1) discharging all rights, titles, and interests of BANK OF AMERICA, N.A., and all agents, principals, assigns and/or successors thereof (collectively, the "RESPONDENTS") in all property, registered and unregistered, held in the name of JONATHAN EMELO and JESSICA EMELO, APN 164-25-813-008 (the "COLLATERAL"); (2) discharging all debts, obligations, and liabilities of the DEBTORS derived from and/or related to the ACCOUNTS; and (3) charging the RESPONDENTS with the duties, obligations, liabilities, and restraints accrued by the receipt and acceptance of the CLAIM and the terms and conditions set forth thereby.

The terms of response and performance, set forth by the CLAIMANT, in the above referenced filing, charges the RESPONDENTS, to direct responses and/or notice(s) of performance through this court. The CLAIMANT allotted Twenty (20) days, pursuant to the rules for this court, for the RESPONDENTS to timely perform and/or respond. Pursuant to the above mentioned filing the RESPONDENTS failure to timely respond and/or perform constitutes the following stipulations by the CLAIMANT, the DEBTOR, and the RESPONDENTS (collectively, the "PARTIES"):

1.  This Certificate of Settlement Agreement, along with the record of the CLAIM, shall comprise a record of the RESPONDENTS' acceptance of the terms and conditions of the CLAIM, and as such shall constitute the final expression in a record of the private settlement agreement by and between the PARTIES (the "FINAL AGREEMENT");

2.  The rescinding and/or the revoking of any and all liens, levies, deficiencies, garnishments, and distraint warrants (collectively, the "ENCUMBRANCES") on all property, registered and unregistered, held in the name of JONATHAN EMELO and JESSICA EMELO, 10462 Lyric Arbor Drive, Las Vegas, Nevada [89135]; APN APN 164-25-813-008 (the "COLLATERAL") and/or the DEBTOR;

3.  The vacating/discharging of any and all judgments, orders, and decrees issued against the DEBTOR and/or the COLLATERAL for the settlement of the ACCOUNTS  (collectively, the "ORDERS");

CERTIFICATE OF SETTLEMENT AGREEMENT

4.   The dismissing/discharging of any and all actions initiated by/for the RESPONDENTS against the DEBTOR and/or the COLLATERAL for the settlement of the ACCOUNTS (collectively, the "ACTIONS");

5.   The discharging of any and all debts, obligations, and liabilities of the DEBTOR and/or the COLLATERAL (the "LIABILITIES"), by executing, or causing to be executed, all Notice(s) of Rescission, Notice(s) of Revocation, Notice(s) of Discharge, Notice(s) of Satisfaction, Order(s) for Dismissal, Order(s) for Vacation, Release(s) of Lien(s)/Levy(ies)/Garnishment(s)/Obligation(s)/Liability(ies), and/or any and all instruments necessary for the discharging of the ENCUMBRANCES, the ORDERS, the ACTIONS, and the LIABILITIES and the settlement and closure of the ACCOUNTS;

6.   The FINAL AGREEMENT shall charge the RESPONDENTS with giving notice of the discharge of the ENCUMBRANCES, the ORDERS, the ACTIONS, and the LIABILITIES, to the CLAIMANT, by providing certified copies of the discharges by mailing said certified copies to the CLAIMANT through this court;

7.   The CLAIMANT's paramount security interest in the COLLATERAL;

8.   The CLAIMANT's exclusive right to possess the COLLATERAL;

9.   The CLAIMANT's lien on the DEBTORS and the ACCOUNTS;

10.  The RESPONDENTS' obligation to return and/or duly compensate the DEBTOR for any and all property of the DEBTOR seized, arrested, disposed or attached by lien, levy, garnishment, or sale for the settlement of the ACCOUNTS;

11.  The value of the CLAIMANT's claim in the COLLATERAL and the CLAIMANT's lien on the DEBTOR and the ACCOUNTS is equal to One Million Two Hundred and 00/100 ($1,200,000.00) U.S. Dollars;

12.  The administrative determinations, certifications, judgments, decrees, orders, and verdicts issued by this court shall be binding upon the PARTIES;

13.  The administrative determinations, certifications, judgments, decrees, orders, and verdicts issued by this court shall supersede any and all previous contracts and agreements between the PARTIES;

14.  The RESPONDENTS' inability and failure to state a claim upon which relief may be granted;

15.  Any and all attempts by the RESPONDENTS to prejudice, hinder, obstruct, or impede the CLAIMANT's claims are a violation of the law;

16.  The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT, or any agents thereof, for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's paramount security interest in the COLLATERAL;

17.  The RESPONDENTS' conveyance and granting of a specific power of attorney to the CLAIMANT for the execution of any instruments, communications, or correspondences, deemed necessary by the CLAIMANT, for the preservation of the CLAIMANT's exclusive right to the possession and the disposition of the COLLATERAL;

18.  The RESPONDENTS' admission and confession to committing the following tortious acts and crimes: Theft of Funds, Slander and Libel of the DEBTOR, Dishonor in Commerce, Fraud, Collusion, Racketeering, and Conspiracy;

19.  The RESPONDENTS' admission and confession of a liability to the CLAIMANT with a value equivalent to One Million Two Hundred and 00/100 ($1,200,000.00) U.S. Dollars (the "RESPONDENTS' LIABILITY");

20.  The RESPONDENTS' acceptance of having any and all property, real and/or personal, registered and/or unregistered, secured as collateral for the RESPONDENTS' LIABILITY;

21.  The RESPONDENTS' are liable for any and all damages incurred by the DEBTOR or the CLAIMANT pursuant to any actions in breach of the terms of the FINAL AGREEMENT;

22.  The RESPONDENTS' granting of *in personam* jurisdiction, *in rem* jurisdiction, and subject-matter jurisdiction to this court; and

CERTIFICATE OF SETTLEMENT AGREEMENT

23. The RESPONDENTS' waives all limited liability protections and immunities afforded to the RESPONDENTS by all franchises, including, but not limited to, the STATE OF NEVADA, the DISTRICT OF COLUMBIA, and the UNITED STATES.

I hereby affirm, state, and declare under pains and penalties of perjury under private international law that the facts contained herein are true, correct, complete and not misleading.

Executed within the Shaykamaxum Territory, this 2nd day of October in the year, 2013.

Witness my hand and seal.

CERTIFICATE OF SETTLEMENT AGREEMENT