UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jaden Investment Trust, Accommodation Party for JONATHAN EMELO and JESSICA EMELO,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., c/o BRUCE R. THOMPSON, CFO,<br><br>Defendant. | Case No. 2:13-cv-02063-MMD-PAL<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 4) |

Plaintiff Jaden Investment Trust filed this action asking the Court to enforce a judgment against Defendant Bank of America, N.A. from a foreign court named "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW." (Dkt. no. 1.) Plaintiff also filed two motions asking the Court Clerk to issue a writ of execution enforcing the judgment. (Dkt. nos. 6, 9.) Defendant filed a Motion to Dismiss ("Motion") for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) on November 1, 2013. (Dkt. no. 4.) Plaintiff filed an opposition (dkt. no. 8) and Defendant filed a reply (dkt. no. 10.)

The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Plaintiff has failed to provide a jurisdictional basis for the Court's enforcement of the judgment at issue. In its filings, Plaintiff has only provided documents from the foreign court and affidavits from its attorney regarding the amount and circumstances of the judgment. In its opposition to the Motion, Plaintiff does not offer

any legal theory regarding jurisdiction. The only statement regarding jurisdiction in the opposition is that "[t]here is no proof that this court has jurisdiction to alter the ruling issued by the foreign court." (Dkt. no. 8.) Plaintiff has failed to meet its burden of establishing jurisdiction in this case.

It is therefore ordered that Defendant's Motion to Dismiss (dkt. no. 4) is granted and this action is dismissed.

ENTERED THIS 5th day of December 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE