UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jaden Investment Trust, Accommodation Party for JONATHAN EMELO and JESSICA EMELO,<br><br>Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A., c/o BRUCE R. THOMPSON, CFO,<br><br>Defendant. | Case No. 2:13-cv-02063-MMD-PAL<br><br>ORDER<br><br>(Plf's Motion for Reconsideration – dkt. no. 13; Plf's Motion to Strike – dkt. no. 14) |

I. **SUMMARY AND BACKGROUND**

Plaintiff Jaden Investment Trust filed this action asking the Court to enforce a judgment against Defendant Bank of America, N.A. from a foreign court named "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW." (Dkt. no. 1.) Plaintiff also filed two motions asking the Court Clerk to issue a writ of execution enforcing the judgment. (Dkt. nos. 6, 9.) Defendant filed a Motion to Dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) on November 1, 2013. (Dkt. no. 4.) On December 5, 2013, the Court granted the Motion to Dismiss and dismissed this action for lack of jurisdiction ("Order"). (Dkt. no. 11.)

Plaintiff now moves for reconsideration of the Order ("Motion for Reconsideration") (dkt. no. 13) and moves to strike Defendant's motion to dismiss and reply ("Motion to Strike") (dkt. no. 14). Both motions are denied.

## II. ANALYSIS

### A. Motion for Reconsideration

Plaintiff brings the Motion for Reconsideration pursuant to Fed. R. Civ. P. 54(a) and Fed. R. of Civ. P. 12(f). Neither of these rules relate to reconsideration. Motions for reconsideration may be brought under Fed. R. Civ. P. 60(b). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). A motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Plaintiff fails to establish a reason justifying relief. Plaintiff offers no new facts or evidence. Instead, Plaintiff attempts to relitigate the issue of jurisdiction. Plaintiff had an opportunity to meet its burden of establishing jurisdiction and, as the Court found in its Order, failed to do so. A motion for reconsideration is not a proper vehicle for relitigating past issues and therefore the Motion for Reconsideration should be denied.

Even if the Court does consider the arguments in the Motion for Reconsideration, the Court cannot conclude that Plaintiff has met its burden of establishing jurisdiction. The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Motion for Reconsideration merely lists clauses of the Constitution, titles of laws and citations to statutes that Plaintiff argues could form a basis for the Court's jurisdiction. Plaintiff also attaches some information on the Uniform Foreign-Country Money Judgments Recognition Act. The Motion for Reconsideration does not explain the contents of the various acts, clauses and statutes that it lists and does not articulate how they relate to this case. For example, the information Plaintiff provides on the Uniform Foreign-Country Money Judgments Recognition Act states that "[f]oreign-country money judgments *may be enforceable in California and Nevada*" but the Motion for Reconsideration does not state how that fact is relevant to this case. It is not clear whether Plaintiff is taking the position that the "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW" is the court of a foreign country. In fact, Plaintiff alternately refers to it as a "Foreign Country" and a "Foreign State." If it is Plaintiff's position that the "Shaykamaxum Grand/Supreme Court of Atlan/Amexem Al Moroc NW" is the court of a foreign country, Plaintiff offers no facts to support that position.

The Motion for Reconsideration is denied because Plaintiff has failed to establish a basis for reconsideration under Rule 60(b). Further, the Motion for Reconsideration fails to establish a basis for the Court's jurisdiction over this action.

  **B. Motion to Strike**

The Motion to Strike is identical to the Motion for Reconsideration and it asks the Court to strike Defendant's motion to dismiss (dkt. no. 4) and reply brief (dkt. no. 10). Rule 12(f) allows the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The motion must be made either "before responding to the pleading" or "if a response is not allowed, within 21 days of being served with the pleading." Fed. R. Civ. P. 12(f)(2).

Rule 12(f)(2) bars Plaintiff from bringing the Motion to Strike. Plaintiff may not move to strike Defendant's motion to dismiss because Plaintiff filed a response on November 14, 2013. (See dkt. no. 8.) Plaintiff cannot move to strike Defendant's reply because Defendant's reply was filed and electronically served on November 25, 2013, more than twenty-one (21) days before Plaintiff filed the Motion to Strike on December 19, 2013. (See dkt. nos. 10, 14.)

Even if the Motion to Strike was not barred by Rule 12(f), it would still fail because Plaintiff does not identify a "redundant, immaterial, impertinent, or scandalous matter" that Plaintiff wants stricken. The Motion to Strike asserts that Defendant's pleadings should be stricken for "lack of standing due to the fact that a judgment had been entered" but Defendant's standing is not at issue in this case.

## III.   CONCLUSION

It is therefore ordered that Plaintiff's Motion for Reconsideration (dkt. no. 13) and Motion to Strike (dkt. no. 14) are denied.

DATED THIS 23rd day of January 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE